(No. 24094.—▮▮▮▮▮▮▮▮)
LUCY H. DARST *et al.* Appellees, *vs.* GRACE H. LANG, Appellant.

*Opinion filed October 15, 1937.*

WAYNE C. TOWNLEY, and J. OSCAR HALL, for appellant.

WHITMORE & WHITMORE, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of McLean county entered a decree reforming a warranty deed to certain premises in the city of Bloomington by inserting therein the reservation of a life estate in favor of the grantors and the survivor of them. The deed was made by plaintiffs Rolla M. Darst and Lucy H. Darst, as husband and wife and tenants in common, to defendant Grace H. Lang, their daughter, who appeals.

The conveyance was a gift without any money consideration and contained no reservation of a life estate. It is dated October 25, 1926, and was delivered to defendant on November 30, 1926. No question arises as to its execution or manual delivery. The grantee filed the deed for record October 10, 1927. On July 14, 1933, plaintiffs filed in the office of the recorder of deeds of McLean county, an affidavit which was intended to give notice to all persons that they claimed a life estate in the premises.

Defendant lived with plaintiffs and they occupied the premises until May, 1927, when all of them joined in a written lease to a tenant. The family moved to another house and defendant continued to reside with her parents until April, 1934. Shortly before this suit was filed, she notified the tenant not to pay any further rent to plaintiffs. Previous to such notice plaintiffs received the rent, paid the taxes, repairs and maintenance charges, and the balance was used for family expenses. Plaintiffs claim that at the time of delivery it was agreed that they and the survivor of them were to reserve a life estate in the property, receive the rents and profits, pay the taxes, repairs and maintenance charges, and that defendant would not record the deed or assert any right to possession or interest in the premises until after the death of both parents. De-

fendant denies the making of the alleged agreement and claims that plaintiffs collected the rent as her agents. She also claims the complaint is insufficient in law in that no mistake, accident or fraud is alleged; that the terms of the deed could not be changed by parol; that the alleged oral agreement was merged in the deed; that the contract was void under the Statute of Frauds and that the action is barred by the five years' Statute of Limitations. Her motion to strike the complaint, which will be hereinafter noticed, embraces the same grounds.

The complaint prays for reformation of the deed by inserting the reservation of a life estate to plaintiffs and the survivor of them, or, in the alternative, that the record of the deed be expunged and defendant enjoined from again recording it until after the death of both grantors, and from interfering with them in renting and collecting the rent for the premises. Defendant's counter-claim prays that the affidavit filed by plaintiffs be expunged from the record as a cloud on her title.

The chancellor found that the alleged agreement was entered into at the time the deed was delivered to defendant. The deed was acknowledged by defendant's father at Springfield, where he was employed. By his direction in a letter to his wife, she and defendant went to the office of an attorney in Bloomington, where the deed was acknowledged by Mrs. Darst and delivered to defendant. Darst testified that prior to the making of the deed, he and defendant agreed that the deed would be made, and that defendant would not record it until the grantors were through with the property, and that they were to have the rents as long as they lived. Mrs. Darst testified that at the time she signed the deed it was agreed that the deed would be made, provided it was not recorded until the grantors were through with the property and they were to collect the rents. The attorney in whose office the deed was delivered testified that Mrs. Darst, at that time, stated the grantors

were giving the property to defendant with the offer that, if she accepted it, the grantors were to have the rents, pay the taxes and keep the property in repair as long as they lived, that the deed was not to be recorded until after the death of both grantors, and that defendant stated she would accept the deed under those provisions and conditions. All of this testimony was objected to, and defendant denied making any such statements or agreements at any time. The finding that the contract was actually made, and the deed accepted under the conditions stated, is amply supported by the testimony.

It is a cardinal principle of the law that equity will not lend its aid to reform a written instrument in the absence of fraud, accident, or mutual mistake, sufficiently alleged and clearly proved. It is urged by appellant that because the parties knew the deed contained no reservation of a life estate, none of those elements are present and the suit must fail. The evidence shows the parties all intended a life estate should be reserved to the grantors and that they did not intend to divest themselves of that interest in the property. For some years after the conveyance was delivered, the actions of the parties show they believed that intention had been accomplished. In other words, plaintiffs conveyed more by the deed than they or defendant intended. No other conclusion can logically be reached than that they were mistaken as to the legal effect of the transaction. The mistake partook of the nature of a mistake of law and of a mistake of fact. Our conclusion from the evidence is that it was mutual. But if not mutual, and defendant knew the deed conveyed more than the grantors intended, and did not apprise them of the fact, she perpetrated a fraud upon them. Conveying, as plaintiffs did, more than they intended, the result is the same to them as if another piece of property not intended to be conveyed had been included. However, in the latter case, the mistake would be one of fact.

Parol evidence is admissible to show a mistake in a written instrument. A court of equity would be of little value if it could suppress only positive fraud, and leave mutual mistakes, innocently made, to work intolerable mischief, contrary to the intention of the parties. It would be a great defect in the jurisdiction of the court, if, under such circumstances, it were incapable of administering relief. There would be as much harm done by refusing relief in such cases as by allowing parol evidence in all cases to vary written instruments. The Statute of Frauds is not applied in such cases to exclude oral testimony. (Story's Eq. Jur. sec. 155, *et seq.*) The agreement being established by the evidence, it follows that plaintiffs, by the tenant, were in possession. The Statute of Limitations is not applicable to a suit to reform a deed where the complainants have been all the time in undisturbed possession. *Wykle* v. *Bartholomew,* 258 Ill. 358; *Mills* v. *Lockwood,* 42 id. 111.

Cases cited by defendant holding that parol evidence is not admissible to vary the terms of a written instrument where no fraud or mistake was shown, are not applicable to this proceeding. Nor does *Potter* v. *Barringer,* 236 Ill. 224, relied upon by defendant, support her contentions. In that case, the suit was for the cancellation of a deed and to quiet title to the premises. The only question related to the delivery of the deed. It was held that verbal contemporaneous conditions to reserve a life estate and not to record the deed until the grantor's death, did not invalidate the deed. The principles announced in that case have no bearing on the issues here.

Relief is not barred in a proper case because the mistake is one of law. In *Peter* v. *Peter,* 343 Ill. 493, we recently said: "The general rule that relief may not be had in equity against mistakes of law has by no means been invariably applied in this country nor in England. Where injustice would be done by its enforcement such injustice has been avoided by declaring that a mistake such as to the

title to property or the existence of a certain particular right, though caused by an erroneous idea as to the legal effect of a deed, * * * was really a mistake of fact and not strictly one of law and so did not constitute an insuperable bar to belief. * * * The distinction between ignorance or mistake as to a general rule of law prescribing conduct and a mistake as to private rights or interests of a party to a written instrument has frequently been drawn. It has also been said that there is no established rule forbidding the giving of relief in any case to one injured by reason of a mistake of law, but that whenever it is clearly shown that parties in their dealings with each other have acted under a common mistake of law and the party injured thereby can be relieved without doing injury to others, equity will afford him redress." In *Reggio v. Warren*, 207 Mass. 525, 93 N. E. 805, the court said, "So it has been said that the important question was not whether the mistake was one of law or of fact, but whether the particular mistake was such as a court of equity will correct, and this depends upon whether the case falls within the fundamental principle of equity that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an innocent mistake of law or fact entertained by both parties." The same principles are announced in 23 R. C. L. sec. 18.

The denial of defendant's motion to make the complaint more specific by setting out a copy of the deed and affidavit, as exhibits, or otherwise, is complained of. The statute requires that when an action is founded upon a written instrument, a copy thereof, or so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader shall attach an affidavit that such instrument is not accessible. The complaint sets out the relevant portions of the deed. That is all that the statute requires. When that is done it is not necessary to recite the instrument *in hæc verba* or to attach a copy as an

exhibit. Nor is the action founded upon the affidavit. It was filed merely to protect plaintiff against the consequences of a possible transfer to an innocent purchaser, and defendant still appears as the record owner. Whether a more specific statement of claim will be required is discretionary with the court, and in this case the discretion was not abused. (*People* v. *Dunn,* 255 Ill. 289.) Moreover, by pleading over, the error, if any, was waived. 21 R. C. L. Pleading, sec. 146.

The overruling of defendant's motion to strike the complaint is urged as error. The only ground of the motion not hereinabove disposed of is the claim that the complaint does not allege a mistake. Section 33 of the Civil Practice act provides: "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." While the word "mistake" is not employed in the complaint, it alleges facts from which it appears that the deed does not conform to the intention and agreement of the parties. Although a pleading does not, in express terms, allege the instrument sought to be reformed was erroneously executed through mistake, nevertheless, the pleading is sufficient if it sets up facts from which such a conclusion is inevitable or fairly deducible. (23 R. C. L. Reformation of Instruments, sec. 58; *Boone* v. *Robinson,* 151 Ky. 715, 152 S. W. 753; *Parchen* v. *Chessman,* 49 Mont. 326, 142 Pac. 631.) The complaint is sufficient to show a mistake. The chancellor did not err in denying the motion to strike.

This case is to be distinguished from cases where the rights of third parties have intervened. Here the transfer was a gift of more than was intended by any of the parties. No one can be affected other than the parties to the transaction. The mistake is sufficient to justify a decree for reformation.

The decree of the circuit court is affirmed.

*Decree affirmed.*