J. EDWIN BALLARD *et al.*, Plaintiffs-Appellants, *v.* GARY GRANBY *et al.*, Defendants-Appellees.

Third District    No. 80-105

Opinion filed November 6, 1980.

J. D. Flood, of Hynds & Rooks, of Morris, for appellants.

Guy C. Fraker, of Costigan & Wollrab, of Bloomington, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

J. Edwin Ballard and Mary Ballard appeal from the dismissal of their first amended complaint by the circuit court, on motion of the defendants Gary Granby and Judith Granby. The Ballards' complaint sought reformation of a 1965 quitclaim deed from them to the Granbys. The complaint for reformation was dismissed with prejudice. The Ballards appeal and raise the issue of whether their complaint stated a cause of action for reformation. Also raised as issues are the other bases for the defense's dismissal motion, being the parol evidence rule, adverse possession, and laches.

The factual allegations of the complaint are to be taken as true for purposes of the motion to dismiss. The facts as set forth in count I of the complaint allege that in 1965 the Ballards conveyed to the Granbys, by quitclaim deed, a parcel of their property. The consideration for the conveyance was alleged to be an agreement between the parties that the Granbys would refrain from constructing a planned dormitory for laborers on property adjacent to the Ballards' home. The conveyance was made, ostensibly, so that the dormitory could be built on the conveyed property, away from the Ballards' home. According to the complaint, the property was conveyed by the Ballards to the Granbys with the "mutual understanding and agreement between [them] that the property was limited in use to the construction of the said dormitory and for no other purpose." Further allegations assert that the parties believed and understood that the deed conformed to that understanding with respect to the limited use of the property. The deed, as executed and delivered, contains

no such limitation in use. The further allegations of the complaint state that the Granbys, in contravention of the agreement and understanding, are now attempting to build a dwelling house for their personal use on the property and are not intending to construct a dormitory. The Ballards seek reformation of the deed to conform to the agreement and understanding of the parties at the time of the conveyance. Count II of the complaint, which is not before us on appeal, requested rescission of the contract.

The defendant Granbys filed a motion to dismiss the amended complaint. In that motion, accompanied by affidavit, they argued that the evidence to support the factual allegation of mistake would be barred by the parol evidence rule and, therefore, the plaintiffs would not be able to prove the matters asserted. Their motion also claimed title by adverse possession as a ground for dismissing the complaint. In addition, the defendants also argued that the complaint failed to state a cause of action and that any suit was barred by the equitable doctrine of laches.

■■ The rules with respect to the reformation of written instruments are well settled. As noted in *Biren v. Kluver* (1976), 35 Ill. App. 3d 692, 696, 342 N.E.2d 325:

> "A written instrument may be reformed to conform with the intention of the parties upon proof by clear and convincing evidence of a mutual mistake of fact. [Citations.] A mutual mistake exists when the contract has been written in terms which violate the understanding of both parties. [Citation.] The instrument may also be reformed upon proof of a mistake by one party to the contract when the other party knows of the mistake and fails to inform the other party or conceals the truth from him."

The First District, in *Harden v. Desideri* (1974), 20 Ill. App. 3d 590, 596, 315 N.E.2d 235, also discussed the action for reformation:

> "The basis for a reformation action is an understanding between the parties. What is sought to be reformed is not this understanding, but rather an instrument which inaccurately reflects it."

The allegations in the Ballards' complaint set forth a mutual understanding between the parties and assert that the deed does not conform to that understanding but is not limited as to use. Reformation of the instrument, in this case the deed, is sought to conform it to the alleged understanding of the parties. The complaint states a cause of action for reformation. In *Darst v. Lang* (1937), 367 Ill. 119, 10 N.E.2d 659, the plaintiffs had executed and delivered a warranty deed to the defendant, predicated upon an oral agreement of the parties by which the plaintiffs reserved a life estate in the property conveyed. However, the deed failed to include the reservation of the life estate. After a number of years, the plaintiffs brought suit to reform the deed so as to express the understanding of the

parties at the time of the conveyance. The court found that the omission of the reservation of a life estate was in the nature of a mistake of law and of a mistake of fact, which was mutual. (367 Ill. 119, 122; see *Harden v. Desideri* (1974), 20 Ill. App. 3d 590, 597-98.) In *Darst*, the supreme court affirmed the reformation of the deed to conform to the understanding of the parties so that a reservation of a life estate was included. 367 Ill. 119, 125.

■■■ The *Darst* case is firm support for our conclusion that the Ballards have stated a cause of action for reformation in the instant case. Here, the plaintiffs have alleged the deed of conveyance omitted a limitation in the use of the property which was part of the actual intent and understanding of the parties. They allege that the deed thereby did not reflect the actual understanding of the parties. The defense seeks to distinguish the *Darst* case on the basis that, in that case, the evidence of the intention of the parties was clearly manifested by subsequent conduct. The life tenant continued to reside on the property. However, the question of the sufficiency of the evidence on the question of mistake or fraud is one to be decided at trial, not at the motion to dismiss stage. As noted, plaintiffs at trial must prove, by clear and convincing evidence, the existence of the mutual mistake. (*Harden v. Desideri* (1974), 20 Ill. App. 3d 590, 315 N.E.2d 235; *Quist v. Streicher* (1960), 18 Ill. 2d 376, 380, 164 N.E.2d 44.) At this stage of the case, we are concerned simply with the sufficiency of the factual allegations and not matters of proof. As stated, the allegations are sufficient to state a cause of action for reformation.

■■ In support of the court's action in dismissing the complaint, the defense argues that the parol evidence rule would bar the evidence showing a mistake, since the deed is clear and unambiguous on its face. That argument by the defense ignores the established rule, which clearly holds that where mutual mistake or fraud is alleged, parol evidence is admissible to show the true intent and understanding of the parties. (*Darst v. Lang* (1937), 367 Ill. 119, 10 N.E.2d 659; *Stoerger v. Ivesdale Co-op. Grain Co.* (1973), 15 Ill. App. 3d 313, 317, 304 N.E.2d 300.) The parol evidence rule is no bar to the admission of evidence on the questions of mutual mistake or fraud, and it is no basis for dismissal of the complaint.

■■ Another basis asserted to support the dismissal of the complaint for reformation is the alleged claim of title in the Granbys by adverse possession. The defendants assert title by adverse possession under section 6 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 6) which section grants title based upon possession, color of title and payment of taxes for seven years. Supporting defense affidavits establish actual possession, color of title, and payment of taxes for 14 years. The difficulty with the adverse possession claim, in the present circumstances, is the nature of the Granbys' possession. Under section 6, the possession by an adverse

claimant must be open, notorious, *adverse*, actual, visible and exclusive. (*Gochenour v. Logsdon* (1940), 375 Ill. 139, 144, 30 N.E.2d 666; *Dunlavy v. Lowrie* (1939), 372 Ill. 622, 630, 25 N.E.2d 67.) As stated in *Gochenour*, "It must be hostile in its inception and so continue." (375 Ill. 139, 144.) In the instant case, the Granbys' possession was not hostile or adverse in its inception nor during the entire period of their possession. The Granbys were the record owners of title by virtue of the conveyance from the Ballards. Their possession has not been hostile or adverse to any title claims by the Ballards. The Granbys' theory of title by adverse possession is not a bar to the present suit for reformation.

The final defense argument attempting to uphold the court's dismissal of the reformation complaint is the assertion of the equitable doctrine of laches. The Granbys argue that the Ballards ought equitably be estopped from prosecuting their claims because they have failed to assert them for the 14 years during which the Granbys have been in possession. Again, the defense argument overlooks a significant and controlling principle of law. As noted in *Harden v. Desideri* (1974), 20 Ill. App. 3d 590, 600, 315 N.E.2d 235:

> "It is an inherent element of laches, not only that a considerable period of time elapse and that the one charging laches has been prejudiced thereby, but that the party sought to be charged therefor have knowledge of the facts. [Citation.]"

So far as any factual allegations in the instant case bear upon the issue of knowledge, there is no indication that the Ballards had knowledge of the variance between the deed and the alleged understanding with respect to the conveyance, until that time in 1978, when they learned of the Granbys' intent to construct a residence on the property. Until that time, no violation of the parties' understanding had occurred. The Ballards suit for reformation was promptly filed thereafter. We find no basis to apply the doctrine of laches to the Ballards' suit for reformation.

In summary, plaintiffs may not be able to establish a basis for reformation in trial of this cause under the standard of proof required. Nevertheless, the complaint has pleaded a cause of action for reformation. The decision of the Circuit Court of Grundy County is, therefore, reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STENGEL and STOUDER, JJ., concur.