IRENE SCHONS, as Ex'r of the Estate of Kenneth Schons, Deceased, Plaintiff-Appellant, v. MONARCH INSURANCE COMPANY OF OHIO *et al.*, Defendants-Appellees (Financial Guardian Insurance Agency, Inc., *et al.*, Defendants).

First District (6th Division)   No. 1—90—2423

Opinion filed May 17, 1991.—Rehearing denied July 8, 1991.

Stamos & Trucco and John G. Phillips & Associates, Ltd., both of Chicago (Michael T. Trucco and John F. Kennedy, of counsel), for appellant.

Bell, Boyd & Lloyd, of Chicago (D. Daniel Barr and Kenneth E. Rechtoris, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Irene Schons, as executor of the estate of Kenneth Schons, brought an action in equity for reformation of an insurance contract issued by defendant, Monarch Insurance Co. of Ohio (Monarch), and procured through defendant Crump Aviation Underwriters, Inc. (Crump Aviation). Plaintiff's action for reformation of the contract was predicated upon her claim that the contract had been executed under a mutual mistake of fact as to the insured parties. Defendants Monarch and Crump filed a motion to dismiss under sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619), contending, *inter alia*, that plaintiff's action was not timely filed. The trial court dismissed plaintiff's complaint, finding that her cause of action was barred by the doctrine of *laches* and by her failure to bring suit within the applicable limitations period set forth in section 13—206 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—206). Plaintiff has appealed, asserting that the trial court erred in finding that her cause of action was not timely filed.

The record indicates that on January 5, 1990, plaintiff, Irene Schons, executor of the estate of Kenneth Schons, filed the instant unverified complaint in chancery seeking equitable reformation of an insurance contract issued by Monarch to Air Chicago Freight Airlines (Air Chicago). In her complaint, plaintiff asserted that she had been appointed executor of the estate of Kenneth Schons on June 30, 1977. Plaintiff asserted further that on July 22, 1976, Ralph Sheffey, president of War Aero, Inc. (War Aero), acting within the scope of his authority on behalf of War Aero, contacted representatives of Financial Guardian Insurance Agency, Inc. (Financial Guardian), to procure liability insurance on an aircraft, N-9446, which was owned by War Aero and leased to Air Chicago. Plaintiff asserted that it was Sheffey's in-

tent to procure insurance coverage on that aircraft for both War Aero and Air Chicago and that Sheffey's intent was conveyed to Financial Guardian.

The complaint also alleged that Financial Guardian filed an application for insurance with Crump Aviation. Plaintiff asserted that the application for insurance and the policy issued by Monarch pursuant to the application mistakenly listed Air Chicago as the sole insured. The complaint alleged further that the application for insurance and the policy did not reflect the intent of the parties and that the erroneous terms occurred either by a mutual mistake of fact or were intentionally inserted by defendants. The complaint asserted that this error was disclosed by Ralph Sheffey in December 1987 and requested that the contract be reformed to reflect that both Air Chicago and War Aero were named insureds. The application for insurance, which was signed by Ralph Sheffey, and the insurance policy issued by Monarch were attached as exhibits to the complaint.

Thereafter, Monarch and Crump Aviation filed a combined motion to dismiss under sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619), asserting that plaintiff's claim was barred by the 10-year limitations period for written contracts specified in section 13—206 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—206). Defendants' motion to dismiss also alleged that plaintiff lacked standing to bring the reformation action and that plaintiff's complaint failed to state a cause of action. The motion to dismiss was not verified and was not supported by affidavit.

In the memorandum filed in support of their motion to dismiss, defendants alleged that Air Chicago leased a B-25 military plane, FAA N-94467, from War Aero, the owner of the plane. Defendants alleged further that the decedent, plaintiff's husband and an employee of Air Chicago, piloted the B-25 military plane on its initial test flight and was killed when the plane crashed near Midway Airport.

Defendants also asserted in their memorandum that on July 5, 1977, following decedent's death, plaintiff filed a wrongful death action in the circuit court of Cook County, Illinois, against War Aero, Sheffey, and others. The memorandum alleged that on March 9, 1978, a default judgment was entered against War Aero based upon its failure to comply with outstanding discovery, and on July 17, 1983, judgment was entered against War Aero in the amount of $1 million. Defendants asserted that plaintiff then initiated garnishment and citation proceedings against War Aero and, during the course of those proceedings, deposed Sheffey who, in addition to being affiliated with

War Aero, was also the president of Air Chicago. The memorandum asserted further that because she was unable to collect on the judgment from War Aero, plaintiff filed the instant complaint seeking to reform the insurance policy to add War Aero as a named insured.

These factual assertions in the memorandum supporting defendants' motion to dismiss were not included in the complaint or elsewhere in the record and were not supported by affidavit.

On July 18, 1990, the trial court granted defendants' motion and dismissed the complaint with prejudice, finding that plaintiff's action was barred under the doctrine of *laches* and by her failure to bring suit within the applicable limitations period. Plaintiff has appealed the dismissal of her complaint with prejudice.

Because the trial court made no reference to the section under which plaintiff's complaint was dismissed, we must determine whether dismissal was proper under either section 2—615 or 2—619.

■ Under section 2—615, a defendant may seek dismissal of a complaint for failure to state a cause of action and must specify why the pleading is legally insufficient. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) A motion brought under section 2—615 admits all well-pleaded facts in the complaint and attacks only the legal sufficiency of the complaint. (*Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 449, 434 N.E.2d 476, 480.) Factual defenses, supported by affidavit, may not be raised under this section, and the court may consider only the allegations of the complaint. *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 509, 439 N.E.2d 60, 63.

Initially, we note that the cause before us is not an action for damages or for benefits under the policy issued by defendant. Rather, the allegations in the complaint are limited to those which assert a claim for reformation of the contract of insurance based upon a mutual mistake of fact.

■ An action to reform a written agreement rests upon the theory that parties came to an understanding, but in reducing it to writing, through mutual mistake or through mistake of one party and fraud by the other, some provision agreed upon was omitted. The action is brought to change the instrument as written so it conforms to the contract agreed upon by inserting the omitted provision. *Harley v. Magnolia Petroleum Co.* (1941), 378 Ill. 19, 28, 37 N.E.2d 760, 765; *Briarcliffe Lakeside Townhouse Owners Association v. City of Wheaton* (1988), 170 Ill. App. 3d 244, 251, 524 N.E.2d 230, 235.

■ To state a cause of action for reformation of a contract, the plaintiff must assert (1) the existence and substance of an agreement

between the parties and the identity of the parties to the agreement; (2) that the parties agreed to reduce their agreement to writing; (3) the substance of the written agreement; (4) that a variance exists between the parties' original agreement and the writing; and (5) mutual mistake or some other basis for reformation. *Briarcliffe Lakeside Townhouse Owners Association,* 170 Ill. App. 3d at 252, 524 N.E.2d at 235; *Aetna Screw Products Co. v. Borg* (1983), 116 Ill. App. 3d 206, 210-11, 451 N.E.2d 1260, 1264.

Examination of the complaint reveals that plaintiff alleged that on July 22, 1976, Sheffey, acting within the scope of his authority on behalf of War Aero, contacted representatives of Financial Guardian to procure liability insurance on aircraft N-94467, which was owned by War Aero and leased to Air Chicago. Plaintiff asserted that it was Sheffey's intent to procure insurance coverage on that aircraft for both War Aero and Air Chicago and that Sheffey's intent was conveyed to Financial Guardian.

The complaint alleged further that Financial Guardian filed with Crump Aviation, Monarch's agent, an application for insurance, signed by Sheffey, which listed Air Chicago as the sole insured and that the policy issued pursuant to that application also listed Air Chicago as the sole insured. The complaint also alleged that the application for insurance and the policy did not reflect the intent of the parties and that the erroneous terms occurred either by a mutual mistake of fact or were intentionally inserted by defendants. The complaint asserted that this error was not disclosed to plaintiff until December 1987.

■ Assuming that the well-pled allegations in the complaint are admitted by defendants in their motion to dismiss, it appears that the complaint adequately states a cause of action for reformation of the contract based upon mutual mistake of fact. The complaint alleged that by the application for insurance, Sheffey, through Financial Guardian, and Crump Aviation, agent for Monarch, reached an agreement for a policy of hull and liability insurance benefiting both War Aero and Air Chicago and that, through mutual mistake, the policy ultimately issued offered protection only to Air Chicago, the lessee of the plane. Plaintiff must prove at trial the existence of the mutual mistake. (*Briarcliffe Lakeside Townhouse Owners Association,* 170 Ill. App. 3d at 251, 524 N.E.2d at 235; *Ballard v. Granby* (1980), 90 Ill. App. 3d 13, 16, 412 N.E.2d 1067, 1070.) If proved, the allegations in the complaint would support plaintiff's claim that the insurance contract was executed under a mutual mistake of fact as to the appropriate named insured.

We note that the terms of the policy issued by defendants listed Air Chicago as the only insured, specified aircraft N-9446 as the only aircraft insured, and also included a provision excluding liability coverage for accidents involving an aircraft not owned by the named insured. Because Air Chicago was merely the lessee, and not the owner of the aircraft, the policy appears to provide no liability coverage at all for the aircraft specified in the policy.

■■ A motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the petitioner to recover. (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 113, 395 N.E.2d 549, 551.) Because it does not clearly appear that plaintiff could never have proved any set of facts that would entitle her to relief, we find that the trial court could not properly grant defendants' motion to dismiss under section 2—615.

Defendants also moved for dismissal under section 2—619, asserting that plaintiff's claim was barred by the statute of limitations. The court dismissed plaintiff's complaint with prejudice, finding that her action was barred under both the doctrine of *laches* and by her failure to bring suit within the applicable limitations period.

■■ It has been held that the applicable statute of limitations is that found in section 13—206 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—206), which provides that actions on written contracts must be commenced within 10 years after the cause of action has accrued. *Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 761, 455 N.E.2d 246, 251.

Our research has revealed only one Illinois case which has addressed the question of when a claim for reformation of a contract accrues. In that case, *Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 455 N.E.2d 246, the second district held that a cause of action for reformation of a contract accrues when the party to be barred has a right to invoke the aid of a court to enforce his remedy or when facts exist that authorize one party to maintain an action against another. *Beynon Building Corp.*, 118 Ill. App. 3d at 762, 455 N.E.2d at 251.

The *Beynon* court noted that the decisions of other States are divided as to when the appropriate statute of limitations begins to run against the right to sue for reformation. (*Beynon Building Corp.*, 118 Ill. App. 3d at 761-62, 455 N.E.2d at 251, citing 66 Am. Jur. 2d *Reformation of Instruments* §91 (1973).) Relying only on *Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723, the *Beynon* decision stated that "Illinois courts have rejected the 'know or

ought to know' rule as [defining] the time [when] a limitations period begins to run" in an action for reformation of a contract. (*Beynon Building Corp.*, 118 Ill. App. 3d at 762, 455 N.E.2d at 251.) The court went on to hold that a claim for reformation of a contract accrues on the date of execution or delivery of the instrument. *Beynon Building Corp.*, 118 Ill. App. 3d at 762, 455 N.E.2d at 251.

We note that the *Sabath* case involved claims for breach of contract, negligence and willful and wanton conduct, and fraud and deceit and did *not* involve a claim for reformation of a contract. Consequently, we believe the decision in *Sabath* provides little support for the holding that the "discovery rule" is inapplicable in cases involving claims for reformation of contracts.

The *Beynon* case involved two signatories to the contract sought to be reformed. We acknowledge that the rule enunciated in *Beynon* may be appropriate where, as there, the reformation action is brought by one of the parties to the contract against the other party. We do not, however, believe this rule is applicable to the instant case where the reformation action has been brought by a judgment creditor with a potential beneficial interest in the contract. We are mindful of the fact that the agreement at issue here is a contract for insurance and, as such, embodies more than a simple agreement between the two contracting parties. In addition to providing protection to the insured, contracts for insurance reflect the interest of the public and provide protection to others who may suffer injury as a result of the insured activity. (*Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 919, 364 N.E.2d 337, 344-45.) Consequently, we find the *Beynon* case to be factually distinguishable from the case at bar and not controlling here. Because we have found no Illinois authority which addresses the issue presented here, we consider this case as one of first impression.

The "discovery rule," which relates to the commencement of a period of limitations, has been applied across a broad spectrum of litigation to alleviate what has been viewed as harsh consequences resulting from the literal application of a statute of limitations. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414, 430 N.E.2d 976, 979.) The "discovery rule" operates to postpone the starting of the period of limitations until the injured party knows or should have known of his injury. *Knox College*, 88 Ill. 2d at 414, 430 N.E.2d at 979.

We find it a reasonable conclusion that in an action for reformation of a contract based upon mutual mistake, the party seeking relief cannot invoke the aid of a court to enforce his remedy until he has learned of the mistake. Thus, it seems that plaintiff's cause of action

accrued when she learned of facts which authorized her to maintain an action against defendants. According to the complaint, this occurred in 1987 when Sheffey revealed that he had intended to procure insurance benefiting both War Aero and Air Chicago and that his intention was conveyed to Crump and Monarch through Financial Guardian.

■ Applying the "discovery rule" to the instant case, plaintiff's cause of action for reformation accrued when, as a judgment creditor of War Aero, she first learned of the existence of the mistake in the insurance policy issued by defendants. Therefore, the period of limitations applicable to her claim commences on that date. Under section 13—206, plaintiff's claim would not have been barred by the 10-year limitations period until 1997, and the trial court erred in dismissing her complaint on this basis.

■ The trial court also found that plaintiff's cause of action was barred by the doctrine of *laches*.

Like a motion brought under section 2—615, a motion to dismiss under section 2—619 admits all well-pled facts. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 545, 370 N.E.2d 223, 225.) Where a motion to dismiss is made pursuant to section 2—619 on grounds not appearing on the face of the pleading attacked, the motion must be supported by affidavit. *MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 241-42, 484 N.E.2d 371, 374; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 643, 450 N.E.2d 1360, 1363; *Davis*, 108 Ill. App. 3d at 509, 439 N.E.2d at 63.

■ *Laches* is an equitable principle which bars an action where, because of delay in bringing suit, a party has been misled, or prejudiced, or has taken a course of action different from what he otherwise would have taken. (*Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione* (1986), 144 Ill. App. 3d 934, 940, 494 N.E.2d 795, 800.) A defendant must show prejudice or hardship rather than mere passage of time and must demonstrate that the delay induced him to adversely change his position. (*Nancy's Home of the Stuffed Pizza, Inc.*, 144 Ill. App. 3d at 941, 494 N.E.2d at 800.) In asserting the defense of *laches*, it is essential that a defendant plead and prove not only that a considerable period of time has elapsed and that the one charging *laches* has been prejudiced thereby, but also that the party sought to be charged had prior knowledge of the facts giving rise to the claim. *Ballard*, 90 Ill. App. 3d at 17, 412 N.E.2d at 1070; *Harden v. Desideri* (1974), 20 Ill. App. 3d 590, 600, 315 N.E.2d 235, 242.

■■ Aside from the assertions of defendants' counsel in the memorandum filed with the motion to dismiss, there is no indication in the complaint or elsewhere in the record that plaintiff knew of the alleged mistake in the application for insurance and in the policy prior to 1987 when Sheffey revealed that he had intended to procure insurance benefiting both War Aero and Air Chicago. The record also does not indicate in what manner plaintiff's delay in bringing suit has prejudiced defendants or caused them to adversely change their position.

The defense of *laches* was not apparent from the face of the complaint, and the motion to dismiss was not supported by affidavit. The motion was not verified by defendants, and the only support for these defenses appears in the factual assertions made by defendants' counsel in the memorandum filed with the motion to dismiss. Because these factual assertions were not supported by affidavit, the record contains no sworn allegations by defendants controverting the assertions made by plaintiff in her complaint. Consequently, there was no reliable evidence in the record to establish that plaintiff's claim was barred under the doctrine of *laches*, and the trial court erred in dismissing the complaint with prejudice on this basis.

As noted above, the complaint alleges only a claim for reformation of the contract of insurance. Consequently, if the trial court grants reformation of the policy to include War Aero as an insured, plaintiff would still be required to prove her entitlement to benefits before she could recover under the policy.

For the foregoing reasons, the order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

RAKOWSKI, P.J., and EGAN, J., concur.