BRENT DAVIS, Plaintiff-Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

Third District   No. 3—84—0549

Opinion filed May 2, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Vincenzo Chimera, Assistant Attorney General, of Chicago, of counsel), for appellants.

Stephen A. Yokich, of Cornfield & Feldman, of Chicago, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Brent Davis, was employed as a schoolteacher in the Wilmington School District during the 1981-82 school year. When the school term ended, the plaintiff did not have a contract with the district to teach during the upcoming 1982-83 school year. Plaintiff applied for and received unemployment insurance benefits starting in June 1982.

On July 18, 1982, plaintiff signed a contract to teach during the 1982-83 school year in the Wilmington School District. Plaintiff continued to receive unemployment benefits until he started teaching on August 23, 1982.

On March 31, 1983, an Illinois Department of Labor claims adjudicator found that when the plaintiff had signed the teaching contract for the 1982-83 school year he became ineligible for unemployment benefits. The plaintiff was sent a notice of reconsidered determination and recoupment decision which stated that $930 must be repaid and that this amount was subject to recoupment within three years from March 31, 1983. A Department of Labor referee affirmed the adjudicator's decision as did the Board of Review.

In an appeal under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 et seq.), the circuit court of Will County reversed, finding that: (1) the plaintiff was entitled to continue receiving benefits after his contract was renewed; (2) the Department did not

sustain its burden of proof so as to justify recovery and; (3) the Department waived its right to recover by waiting seven months before taking action against the plaintiff. We reverse.

■ Section 612 of the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 442) governs the eligibility of academic personnel to receive unemployment benefits:

> "Sec. 612 Academic Personnel—Ineligibility between academic years or terms.
>
> * * *
>
> 1. An individual shall be ineligible for benefits, on the basis of wages for service in employment in an instructional, research, or principal administrative capacity performed for an educational institution, *for any week* which begins after December 31, 1977, during a period between two successive academic years, or during a similar period between two regular terms, whether or not successive, or during a period of paid sabbatical leave provided for in the individual's contract, *if the individual performed such service in the first of such academic years (or terms) and if there is a contract or a reasonable assurance that the individual will perform service in any such capacity for any educational institution in the second of such academic years* (or terms)." (Emphasis added.)

This section is clear and unambiguous. A teacher's eligibility is determined on a weekly basis. During any week in which a teacher has a contract or reasonable assurance of employment during the upcoming school year, the teacher is not eligible to receive unemployment compensation. Therefore, as soon as the plaintiff's contract for the 1982-83 school year was approved, he was not entitled to unemployment compensation. The circuit court's finding to the contrary is patently erroneous and runs counter to the plain language of section 612.

■ In finding that the Department had failed to meet its burden of proof so as to justify its claim, the circuit court held that the Department was required to prove that the plaintiff was at fault in obtaining benefits he was not eligible for and that recovery of the overpayment would not be against equity and good conscience. The Act places no such pleading burden on the Department.

Whenever an individual has received benefits for which he was ineligible, section 900 of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 490) permits the Department to recoup the overpayment from future unemployment benefits payable to the recipient. The recipient can request the Department to waive recoupment if the overpayment was made without fault on the part of the recipient and if such recoup-

ment would be against equity and good conscience. (Ill. Rev. Stat. 1981, ch. 48, par. 490(2).) The Department is not required to make findings as to fault and equity. These factors are relevant only when the recipient seeks waiver of recoupment. It is then up to the recipient to show that he was without fault and that recoupment would be inequitable and unconscionable. Furthermore, the waiver provisions of section 490(2) presuppose that recoupment is taking place. Here, there is no action for recoupment, since the plaintiff is not currently receiving benefits. The decision of the claims adjudicator stated only that $930 was subject to recoupment in the event plaintiff receives unemployment benefits during a three-year period commencing March 31, 1983. The Department is not required to make specific findings in support of such recoupment decisions.

As a final ground for reversal, the circuit court held that the Department waived its rights in this matter by waiting seven months to attempt recovery. Under section 703 of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 453), a claims adjudicator has one year in which he may reconsider his decision to pay benefits. Here, the adjudicator's finding of ineligibility was made seven months after the plaintiff started receiving benefits, well within the statutory period for reconsideration.

We also reject any argument that the Department is barred by *laches*. In fixing the period in which rights and claims will be barred by *laches*, equity follows the law. Generally, courts of equity will adopt the period of limitations fixed by statute. Thus, where a party's rights are not barred by the statute of limitations, he is not barred by *laches* unless his conduct or special circumstances make it inequitable to grant him relief. (*Wall v. Chicago Park District* (1941), 378 Ill. 81, 96.) There are no special circumstances of record to justify equitable relief in the present case. Accordingly, the doctrine of *laches* is inapplicable.

The judgment of the circuit court of Will County is reversed.

Reversed.

SCOTT and WOMBACHER, JJ., concur.