MICHAEL AIARDO *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF LI-BERTYVILLE *et al.*, Defendants-Appellees.

Second District   No. 2—88—0675

Opinion filed June 14, 1989.

Erwin Cohn, of Cohn & Associates, of Chicago (Charles A. Cohn, of counsel), for appellants.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (John T. Weise, of counsel), for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Michael Aiardo *et al.*, who are police officers employed by the Village of Libertyville, appeal from a summary judgment entered in this declaratory judgment action in favor of defendants, Village of Libertyville, its police department, and Roger H. Stricker, chief of police. Plaintiffs contend the trial court erred in entering summary judgment and making findings (1) that the time allotted for lunch was not work time, the officers' actual workday was 7¾ hours and they were not entitled to overtime compensation for working in excess of eight hours in a day; (2) that the Village of Libertyville did not have to pay this overtime compensation because no appropriation

had been made for it; (3) that plaintiffs were guilty of *laches*; and (4) they failed to exhaust their administrative remedies by not pursuing their claim under the grievance procedures established by the Village of Libertyville. We reverse the summary judgment and remand.

This action was brought by certain supervisory and nonsupervisory officers of the Libertyville police department seeking declaration they are entitled to compensation for the 15 minutes each working day that they spent at roll call, which, they alleged, has been uncompensated since a new roll-call policy was instituted by the chief of police in September 1982. The record discloses that prior to that time, the police officers regularly worked an 8-hour day and 40-hour week. Departmental general order 83—3, effective January 24, 1983, states that there are three shifts which start and end as follows: 0700 through 1500 hours, 1500 through 2300 hours, and 2300 through 0700 hours. In August 1982, Roger H. Stricker became chief of police and established a policy, effective September 26, 1982, requiring officers to be present at work 15 minutes prior to the start of their shift for roll call. On March 23, 1983, Chief Stricker issued departmental general order 83—20, which provided that at roll call the shift commander will assign duties, read bulletins, orders and other necessary information, and that smoking, drinking, eating, or inattention would not be permitted during roll call. Departmental general order 83—6 issued shortly thereafter related to the police officers' daily activity reports, and provided that roll-call time was not to be included there as on-duty time. Defendants admitted in their answer to the complaint that the roll-call period was work time, but alleged that the officers' regular salary included compensation for this period.

The personnel policy which was adopted, apparently by ordinance of the Village of Libertyville on August 5, 1980, provided for hours of work and overtime compensation, as follows:

"4.0 *HOURS OF WORK*

4.1 *Work Week Defined*

The hours of work comprising full-time employment are forty hours per week ***.

*** The work day for each employee shall be the 24-hour period from the time that he or she is scheduled to begin work until that time shall occur again.

4.3 *Overtime Compensation*

Employees shall be compensated for overtime work as follows:

*Police Department*

Sworn Police personnel shall be compensated at one and

one-half times their regular hourly rate for all police work in excess of eight hours per working day and forty hours per working week. This shall apply to police work when called back after normal working hours or on regularly scheduled days off."

The village personnel policy ordinance relating to police department overtime was amended on May 20, 1986, to state:

"Sworn Police personnel shall be compensated at one and one-half times their regular hourly rate for all police work in excess of the established hours per work period. This shall apply to police work when called back after normal working hours or on regularly scheduled days off."

An affidavit in support of defendants' motion for summary judgment by Allen Schertz, the village administrator, states that he is responsible for preparing and submitting appropriation ordinances; that during the fiscal years between May 1, 1982, and April 30, 1987, he did not budget or request an appropriation for roll-call overtime pay; that during the same time period, the Village of Libertyville did not pass an appropriation ordinance for roll-call overtime pay; and that the sample appropriation ordinance for the fiscal year ending April 30, 1987, attached to his affidavit was a representative sample of the appropriation ordinances passed during the fiscal years to which this case relates. The representative ordinance contains a general line item appropriation for police officer salary and compensation, and there is no separate line item for overtime or roll-call compensation. There is also no separate line item for overtime compensation for any other municipal employee.

Affidavits of various patrolmen in support of plaintiffs' motion for summary judgment, and in response to defendants' motion for summary judgment, set forth certain lunch-break restrictions. Officers cannot take lunch at the same place as another officer; at times, no lunch break is available; officers must remain in uniform; at all times the police radio must be monitored for the suburbs of Libertyville, Lincolnshire, Mundelein, and Vernon Hills, and the officer must be available for all calls; and, with minor exceptions, lunch must be taken in Libertyville. Departmental general order 83—18 states that all officers out of service during lunch are subject to calls. Chief Stricker's affidavit states that officers are not required to work during lunch but are subject to emergency calls at that time; if the officer must answer a call, lunch is rescheduled.

The Village's personnel policy, as shown in its ordinance, contains a grievance procedure. Section 6.0, titled *Discipline and Grievance*

*Procedures*, has three subsections: subsection 6.1, *Disciplinary Policy*, lists conduct warranting discipline, and subsection 6.2, *Disciplinary Actions*, lists permitted disciplinary actions. Subsection 6.3, *Grievance Procedures*, provides that grievances should be discussed with the employee's supervisor and, if no resolution is reached, a grievance interview should be requested with the department head. If the grievance still remains unresolved, "the employee may petition the Village Administrator for a review of his or her case. The decisions of the Administrator shall be considered final." Patrolman affidavits state that the grievance policy is only for misconduct issues and does not apply to complaints relating to compensation. The grievance procedure contained in the personnel policy makes no reference to complaints relating to monetary matters.

■ Summary judgment should be granted only when the pleadings, depositions, and affidavits show that there is no disputed question of fact and that the movant is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Elliott v. Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 462 N.E.2d 640.) If different inferences can be drawn from the undisputed facts, summary judgment should be denied. (*Gagliardo v. Vodica* (1978), 58 Ill. App. 3d 1053, 1055, 374 N.E.2d 1302.) The movant's right to summary judgment must be clear and free from doubt (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867), and the trial court must consider the entire record and construe evidence strictly against the moving party and liberally in favor of the opposing party. *Serritos v. Chicago Transit Authority* (1987), 153 Ill. App. 3d 265, 268, 505 N.E.2d 1034.

■ Plaintiffs contend first that the trial court erred when it found that the lunch break was not work time, and we agree that in resolving that disputed issue, the fact finder could find to the contrary. The village personnel policy states that a workweek consists of 40 hours and that overtime will be paid when an employee works over 40 hours in a week or 8 hours in a day. Departmental general order 83—3 establishes 8-hour workday shifts which start at times *after* the 15-minute roll-call period. If the lunch break was intended to be uncompensated personal time, plaintiffs' actual work time would be 7¾ hours, which would contradict the personnel policy's definition of a workday and week.

■ Defendants argue that section 4.3 of the personnel policy defines "overtime" only as time worked "when called back after normal working hours or on regularly scheduled days off," thus excluding the roll-call period. They fail to recognize, however, that the

roll-call time period would fall within the personnel policy's definition of overtime. Section 4.1 of the personnel policy defines a workday as "the 24-hour period from the time that he or she is scheduled to begin work until that time shall occur again." For example, when an officer working the 0700 through 1500 hour shift is called in at 0645 hour the next day, the officer has been, theoretically, called back to work within the 24-hour period commencing with his prior shift. Furthermore, extending defendants' argument, if the officers were required to report two hours early instead of the present 15 minutes, this time would also be deemed noncompensable time, and would contradict other provisions of the personnel policy defining a workday and week as 8 and 40 hours, respectively. Defendants also argue that because plaintiffs are salaried employees and their salary compensates them for performing a normal schedule of work, roll-call time is not compensable. This argument again ignores the personnel policy's definition of a workday and week, and departmental general order 83—3, which sets forth the hours of each shift. Furthermore, departmental general order 83—6 supports an inference that plaintiffs were denied overtime compensation for roll call, as it states that roll-call time should not be included on an officer's daily activity report as on-duty time.

Plaintiffs next contend that the trial court erred when it found that the Village of Libertyville did not have to pay overtime compensation because no appropriation was made for that purpose. Section 8—1—7 of the Illinois Municipal Code provides:

> "[N]o contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality ***." (Ill. Rev. Stat. 1987, ch. 24, par. 8—1—7(a).)

This provision applies to a municipality's liability for overtime compensation. *Koudelka v. Village of Woodridge* (1980), 91 Ill. App. 3d 884, 888, 413 N.E.2d 1381.

■ We find that the record does not establish a right for the village to deny plaintiffs overtime compensation for the roll-call time on this ground. Overtime compensation is expressly provided for in the village's personnel policy. While the village administrator's affidavit

stated that no appropriation had been made for roll-call overtime pay, that does not establish that compensation for overtime by its employees was not otherwise appropriated. Apparently, the village contemplates the payment of any overtime compensation out of the general line item appropriation in its ordinance for police officer salaries and compensation.

*Koudelka v. Village of Woodridge*, relied on by defendants and the trial judge, is distinguishable. There, the plaintiff had accumulated 1,594 hours of "earned time due," a purpose not provided for in its appropriation ordinance. However, the defendant village had an unwritten policy permitting compensatory time off, and, after the plaintiff was terminated from employment, she sought payment for her accumulated hours of earned time due. The court held that the village was not liable for overtime compensation because there had been no prior appropriation. (*Koudelka v. Village of Woodridge* (1980), 91 Ill. App. 3d 884, 885-88, 413 N.E.2d 1381.) The distinguishable fact is that the Village of Libertyville makes a single line item appropriation for police salaries and compensation which includes compensation for working overtime. In *Koudelka*, there was a general appropriation for salaries, including overtime, but there was no appropriation for the type of extraordinary expense, *i.e.*, "earned time due," there claimed by the plaintiff. (91 Ill. App. 3d at 887.) Here, plaintiffs are merely seeking compensation for ordinary overtime services to the village. Assuming that a police officer has worked in excess of an 8-hour day or a 40-hour week, the roll-call time period will apply towards overtime; there is no basis shown to draw a fine-line distinction between roll-call and other overtime compensation, as urged by the village.

Plaintiffs contend next that the trial court erred when it found that their claim was barred by *laches*. There is no dispute that plaintiffs' claim was filed within the applicable statute of limitations, and defendants assert only that the doctrine of *laches* applies. When a claim or right is not barred by a limitation period, *laches* will not apply unless a party's conduct or special circumstances make it inequitable to grant the requested relief. (*Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 764, 455 N.E.2d 246.) *Laches* is not merely a matter of delay; an action will be barred by *laches* only if the plaintiff's unreasonable delay in asserting a right or claim has prejudiced and misled the defendant, or caused the defendant to pursue a course of action different from what he would have otherwise taken. (*DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 136, 418 N.E.2d 413.) On this record, we cannot find that

defendants were prejudiced by any delay in asserting plaintiffs' claim. The village adopted ordinances appropriating funds for police officer salaries and compensation, which apparently included overtime compensation, but since 1982 has declined to pay for all overtime services it actually received from its police officers. Plaintiffs timely asserted their right for on-duty service during roll-call compensation, and granting summary judgment on the basis of *laches* was error.

■■ Plaintiffs also contend that they were not required to bring their wage-claim dispute before a grievance board before commencing this action and that the trial court erred when it found that their claim was barred for failure to exhaust administrative remedies. A review of the discipline and grievance procedures contained in the village personnel policy discloses that a wage claim is not subject to the grievance procedures. Section 6.0 of Libertyville's personnel policy addresses only conduct which is subject to discipline and permitted disciplinary actions; the subject of wage disputes is not addressed in that section. Clearly, the grievance procedure applies only to disciplinary actions taken because of misconduct, and plaintiffs were not required to submit their wage-claim dispute to the grievance procedures set forth in the personnel policy.

■■ Defendants also contend, without citation to authority, that plaintiffs waived their right to a trial by agreeing to a statement of the trial judge that because both parties filed motions for summary judgment they agreed there was no genuine issue of material fact to be resolved in the case. We have considered defendants' argument and find it to be without merit.

Accordingly, the summary judgment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN and REINHARD, JJ., concur.